274 F.2d 425
 James WALKER, a/k/a James B. Walker, Jr., and Della Palmore
Walker, a/k/a Della Palmer Walker, Appellants,
v.
Bruicie WALKER, James Irvin Walker, and Clyde Arial Walker, Appellees.
 No. 8014.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 18, 1960.
Decided Jan. 22, 1960.
 
 James Walker, pro se.
 C. Victor Pyle, Greenville, S.C. (Pyle & Pyle, Greenville, S.C., on brief), for appellees.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit judges.
 PER CURIAM.
 
 
 1
 Appellants, James B. Walker, Jr., and his mother, Della Palmore Walker, brought an action in the District Court for the Western District of South Carolina at Greenville, claiming the real property and personal estate of James Booker Walker, deceased. The theory of the action was that a common law marriage existed between the deceased and appellant, Della Palmore Walker, and that the appellant, James B. Walker, Jr., is an issue of said marriage.
 
 
 2
 There had been earlier litigation in the stated courts of South Carolina. The estate had been awarded by the Court of Probate for Greenville County, South Carolina, to other persons, sisters and the children of a pre-deceased brother of James Booker Walker. No appeal was taken from this action of the Probate Court to the Court of Common Pleas, as permitted by law. Later, an independent proceeding was begun by the appellants in the Court of Common Pleas. When a demurrer to the complaint was sustained, a notice of appeal to the Supreme Court of South Carolina was given, but the appeal has not been perfected. Instead, the federal proceeding was begun.
 
 
 3
 The District Judge sustained appellees' motion to dismiss on the grounds that (a) there is no diversity of citizenship, all parties being citizens and residents of South Carolina, (b) there is no jurisdiction over the subject matter, and (c) an action is now pending in the Court of Common Pleas for Greenville County, South Carolina, involving the identical parties and subject matter.
 
 
 4
 Apart from his claim that he is, in fact, the issue of a common law marriage, the appellant, James B. Walker, Jr., makes another, somewhat inconsistent, contention in order to bring the case within the federal jurisdiction. He argues that it is properly in the federal court, notwithstanding the absence of diversity, since it involves a question, as he puts it, of the 'constitutionality of the state law' which denies an illegitimate child the right to inherit from his putative father. This is said to be a denial of the equal protection of law to illegitimate persons. The contention is so manifestly without merit that in our view the complaint presents no substantial federal question.
 
 
 5
 We find no error in the District Court's action.
 
 
 6
 Affirmed.